**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juanita T. Aguayo,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-1795-PHX-DMF<br><br><br>**ORDER** |

Plaintiff Juanita T. Aguayo appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that the ALJ's opinion contains non-harmless legal error and remands for an award of benefits.

## Background

Aguayo was 52 years old on the alleged onset date. (Tr. 12, 32) She has a GED and past relevant work that included appointment clerk. (Tr. 52-53)

The ALJ decision followed the requisite five step process. (Tr. 12-22) The ALJ found that Aguayo had not engaged in any substantial gainful activity since her alleged onset date. (Tr. 14) Next, the ALJ found that Aguayo had the following severe impairments: fibromyalgia, degenerative disc disease of the cervical spine, and rheumatoid arthritis. (Tr. 14-16) However, these impairments did not meet or medically equal the severity of any listed impairments. (Tr. 16-17) The ALJ found that Aguayo

had the residual functional capacity to perform sedentary work subject to several additional limitations. (Tr. 17-20) As part of this finding, the ALJ concluded that the record did not support Aguayo's alleged limitations. Accordingly, the ALJ found that Aguayo was capable of performing her past relevant work as an appointment clerk and, therefore, did not meet the Social Security Act's definition of disability. (Tr. 20-22)

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

In evaluating the credibility of a claimant's testimony regarding alleged symptoms, an ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. *Id.* at 1281. Second, when there is no affirmative evidence suggesting malingering, the ALJ must also set forth "specific, clear and convincing reasons" before it can reject a claimant's testimony about the severity of symptoms. *Id.* at 1283-84. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The clear and convincing standard is the most heightened standard in Social Security Law. *Moore v.*

*Soc. Sec. Admin.*, 278 F.3d 920 (9th Cir. 2002). Once an underlying impairment is verified, an ALJ cannot use a lack of full and objective medical corroboration to reject a claimant's subjective symptoms. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986), *superseded by statute on other grounds as stated in Bunnell v. Sullivan*, 912 F.2d 1149 (9th Cir.1990). To support a finding that the symptoms are not credible, the ALJ must offer specific findings properly supported by the record in sufficient detail to allow a reviewing court to review the findings for permissible grounds and freedom from arbitrariness. (*Id.*)

**Analysis**

On appeal, Aguayo argues that the ALJ did not provide specific, clear and convincing reasons for discounting her symptom testimony. (Doc. 15) The Court agrees.

The portion of ALJ's opinion that evaluated Aguayo's symptom testimony started with the conclusion that Aguayo's "treatment records, examination results, and generally conservative treatment history did not fully support [her] allegations." (Tr. 18) The following paragraph discussed some of her treatment records. First, the opinion noted that Aguayo was in "moderate" and "extreme" distress according to 2013 provider notes, that she was not in "acute distress" during three emergency department trips between September 2014 and March 2015 for fibromyalgia flares, and that her records indicated that she was not in acute distress at a June 2015 provider appointment "despite alleging a pain score of ten out of possible ten." (Tr. 18) It appears that the opinion discounted her pain allegations because the records did not document "acute distress." This is not a specific, clear and convincing reason. Her pain was sufficient to warrant trips to the emergency department and the ALJ's opinion does not explain why documentation of "acute distress" –presumably a condition that would wax and wane like fibromyalgia itself—is needed to conclude that her statements about her pain were credible.

The following paragraph detailed Aguayo's examination results. First, the opinion found that Aguayo's "subjective limitations were not fully supported by examination results throughout the record, which were often unremarkable and, in some instances,

minimal." (Tr. 18) This broad conclusion was followed by over two dozen citations to the record. (Tr. 18-19) The opinion then stated, without citation, that Aguayo's "subjective allegation of a constant pain rated at an average of seven to nine was not constant with physical examination findings through the record." To the extent that this statement was intended as a summary of the earlier citation string, it cannot stand because there is insufficient detail to allow this Court to review the findings. *See Cotton*, 799 F.2d at 1407. Finally, the paragraph states, "[s]ignificantly, the undersigned noted the claimant was assessed with bilateral upper extremity motor strength graded 5/5 (Exhibits 1F/68 and 3F/5), which undermined the claimant's subjective allegations of experiencing problems with her hands." (Tr. 19) The Court notes that both of the citations were to the same document, a July 2013 appointment with a nurse practitioner who never saw Aguayo again. (Tr. 357) Moreover, Aguayo testified at the November 2014 hearing that she dropped things "daily" and that her "symptoms [had] increased in the last year or two." (Tr. 43) Thus, the earlier medical note and her later testimony were consistent.

The following paragraph contains no citations and starts with the conclusion that Aguayo's "generally conservative treatments undermined her allegations of disabling pain" and then states that "[r]eview of available treatment records did not show evidence of physical therapy or injection therapy. In fact, the only noted injection was of Toradol during an office visit on September 16, 2014. There was no suggestion of surgical intervention for [Aguayo's] degenerative disc disease." (Tr. 19) These statements are without any supporting citation and, therefore, cannot support the opinion's conclusions. Moreover, these statements imply that the ALJ had impermissibly made conclusions about what kind of medical treatment Aguayo should have received.

Finally, this paragraph states that Aguayo's pain could not be particularly severe because her treatment records showed that, as she testified, she weaned herself off of oxycodone. The Court disagrees and notes that she went to the emergency department in March 2015 in severe pain after, and perhaps because, she had (laudably) stopped taking oxycodone. (Tr. 402-405)

In the ultimate paragraph about Aguayo's symptom testimony, the opinion notes that Aguayo claimed to have side effects from her medications but the three treating source statements in the record all indicated that she did not experience side effects. Two of these three treating source statements were from a nurse practitioner, not an acceptable medical source, and one was from Aguayo's treating physician. (Tr. 19, citing 10F, 14F, and 18F) Later in the opinion, the ALJ assigned "reduced weight" to all of these statements. (Tr. 19, 20) In other words, the opinion discounted Aguayo's testimony based on subsequently-discounted opinions. The ALJ cannot cherry pick the value of the opinions.

In response to Aguayo's arguments, Defendant restates the opinion's conclusions.[1] (Doc. 20 at 3-4) Defendant then argues that "the ALJ's reasoning is easily discernible by quick reference to the cited records." (Doc. 20 at 5) The Court disagrees. The opinion contains long string cites, a general citation to a 71 page exhibit, and paragraphs without any cites. This does not satisfy the specific, clear and convincing standard.

## Remand

The decision to remand a case for additional evidence or for an award of benefits is within the discretion of this court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The court can remand a case with instructions to award benefits when

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, all three parts of this test have been met. First, the record was fully developed for the fixed time period at issue and further administrative proceedings would impermissibly allow the "ALJ to have a mulligan." *Id.* at 1021. Second, as described above, the ALJ did not provide a sufficient explanation for rejecting Aguayo's symptom testimony. Finally, if the ALJ had found

---

[1] The Court reminds Defendant that, while citations to the record might support the ALJ's opinion, this Court is constrained to reviewing the opinion and its citations.

her testimony credible, the ALJ would have found that Aguayo was disabled.

**IT IS THEREFORE ORDERED** that Juanita T. Aguayo's claim for disability is remanded to the Commissioner of the Social Security Administration for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of this Court.

Dated this 13th day of August, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge